# 𝔖taunton

ARTEMUS B. JEWELL V. THE EQUITABLE LIFE ASSURANCE SOCIETY.

September 23, 1937.

Present, All the Justices.

The opinion states the case.

*I. M. Lambert* and *Roland E. Chase,* for the plaintiff in error.

*B. S. Gore, F. H. Combs* and *Robert L. Pennington,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error brought an action at law against the defendant in error, to recover upon an insurance policy issued by the defendant and dated the 25th day of October, 1932.

The pertinent provision of the contract was the agreement of the defendant to pay to the plaintiff the sum of fifty dollars per month, in the event that plaintiff during the life of the policy should become permanently and totally disabled as set forth in the contract of insurance.

The basis of recovery is set forth in the notice of motion as follows:

"The said plaintiff became totally and permanently disabled, as defined and set out in said contract of insurance in the month of March, 1933, and said defendant paid to said plaintiff the said disability income of fifty dollars per month from said month of March, 1933, to January 15, 1934, but notwithstanding said total permanent disability of said plaintiff continued from said March, 1933, down to the present time, the said defendant has failed, neglected and refused to pay same, since the 15th day of January, 1934; and there is now due to said plaintiff from said defendant, fourteen monthly payments to March 15, 1935, making a total of $700.00; and the said defendant collected said annual premium on said insurance contract on the 17th day of April, 1934, of $214.15, notwithstanding such premium was not under said contract, required to be paid by said plaintiff to said defendant during the continuance of said total permanent disability, therefore, said plaintiff is entitled to recover back from said defendant, in addition to said $700.00, said premium paid April 17, 1934, of $214.15, making a total of $914.15; and in addition thereto, said plaintiff has paid out expenses in connection with examinations amounting to $85.85 making said total amount of $1,000.00 claimed by said plaintiff against said defendant."

When the case was called for trial, defendant filed a written plea, denying its indebtedness to the plaintiff. The record fails to show that plaintiff was called upon for a bill of particulars, or that grounds of defense were called for. Upon the general allegation that plaintiff was entitled to recover on the ground of permanent and total disability, issue was joined.

There have been two trials of the case by a jury, each of which resulted in a verdict for the plaintiff. The evidence upon the first trial is not made a part of the present record, and therefore, cannot be considered in determining the correctness of the action of the trial court in sustaining the motion of the defendant to set aside the

verdict rendered by the jury in the second trial and entering judgment for the defendant.

The main assignment of error is that the trial court erred in setting aside the verdict of the jury on the ground that it was contrary to the evidence and was without evidence to sustain it.

Plaintiff, at the time of the issuance of the insurance policy, was thirty-eight years of age; he was, as the evidence shows, in good health; weighed one hundred and eighty-eight pounds, and had for a period of fifteen years followed his chosen profession as a civil engineer. In March, 1933, plaintiff, as shown by his evidence, became totally and permanently disabled. His weight decreased from one hundred and eighty-eight pounds to one hundred and fifty pounds.

After receipt of notice of plaintiff's disability, the defendant directed him to its physician for an examination. The report of this examination is not filed in the record, but it does appear that beginning on March 15, 1933, and ending on January 15, 1934, the plaintiff received the sum of $550.00. It also appears that prior to the examination of plaintiff by Doctor Showver, plaintiff was, at the direction of defendant, examined by Doctor J. G. Storie. As a result of that examination, Doctor Storie wrote the following letter to defendant:

"Nov. 17, 1934

The Equitable Life Assurance Society of the United States,
393 Seventh Avenue,
New York.

"I am writing you about disability claim No. 843*i*703, of Artemus B. Jewell.

"This man has some obscure (trouble) which I have not been able to lócate and he keeps on the downward trend, and it would be my advice for you to send him to some hospital for observation.

"Yours very truly,
J. G. Storie, M. D."

The record shows that no action was taken by the defendant in regard to plaintiff's condition. However, it is shown by the evidence of plaintiff that he placed himself in the care of Dr. R. F. Farley for treatment. The evidence of Doctor Farley discloses that he is forty-nine years old; that he is a graduate of the University of Louisville, Kentucky, which is a class A medical school; that he engaged in the practice of medicine and surgery in June, 1912; that he was a captain in the medical corps during the world war and served as such for eighteen months in France; that during such service he was for a period of six months with a "G. U." outfit; that he is a member in good standing of the West Virginia Medical Association, and that he is a physician for three coal companies operating in West Virginia. Doctor Farley further testified that while plaintiff was under his care for treatment he examined him twenty-five or thirty times; that he made several examinations of the urine and found "sugar and albumen in the urine"; that in making this test he followed the Fehling test for sugar and a nitric acid test for albumen; that he placed plaintiff on a strict diet, avoiding food containing starch and sugar. During the examination of Doctor Farley, he was asked the following question and made the following answer:

"Q. Well, state in a general way what you found to be wrong, if anything, with Mr. Jewell in these various examinations which you gave him?

"A. I found him with high blood pressure and a heart and kidney condition and nervousness."

This answer denotes the only specific diagnosis of Doctor Farley. He was not requested, on cross-examination, to enlarge upon this statement. He was, however, cross-examined as to whether or not he made a blood test in order to diagnose the extent of plaintiff's kidney trouble, and stated that in an acute kidney condition such an examination was not necessary and therefore no such examination was made.

In rebuttal of plaintiff's case, the defendant introduced evidence to show that during plaintiff's alleged disability he

at times drove an automobile and took an occasional drink of liquor.

The crux of the defense relied upon by the defendant is the evidence of Doctor W. R. Williams and Doctor W. H. Sears. In brief, they stated that they examined the plaintiff in July, 1935. As a result of this examination they found no indication whatever that plaintiff then had or had ever had nephritis, or, in the language of the layman, a chronic condition of the kidneys; that nephritis was an incurable disease and that at the time of the examination made by them plaintiff did not have anything the matter with him.

The trial court, in a written opinion, accepted the testimony of these two eminent physicians and said:

"Eminent physicians testify that plaintiff does not have and has never had Bright's disease and that they find no support for his claim that he is totally or permanently disabled.

"It is thought that the evidence is insufficient to support the jury's verdict."

It is this conclusion which is here attacked.

Whatever may have occurred in the first trial of this case to lead the trial court to the conclusion that the claim of plaintiff was based upon the fact that his disability was due to nephritis or Bright's disease, and that such a condition never existed, there is, in our opinion, no basis for such a conclusion in the record before this court. Even though we should concede that the evidence is conflicting, the conflict was a question to be settled by the jury and not by the court. However, we do not comprehend any conflict as displayed by the record.

Doctor Farley stated that the plaintiff had high blood pressure, a heart and kidney condition, was in a nervous condition during the period of his disability, and that he treated him for an acute kidney trouble. The statement of the two eminent physicians called as witnesses by the defendant testified that plaintiff was never afflicted with nephritis. Whatever the correct diagnosis of plaintiff's

disability may or may not be, it is indisputable that the record shows that plaintiff, a robust man, decreased thirty-eight pounds in weight in a short period of time; that defendant recognized his disability for a period of eleven months; that, though advised by its own doctor to have plaintiff examined, it failed to do so; and that the jury accepted the diagnosis of Doctor Farley who appears in this record as an unimpeached witness.

The judgment of the trial court will be set aside and annulled and the verdict of the jury will be reinstated and judgment entered thereon in this court.

*Reversed.*